IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-cr-00452-GEB |
| Plaintiff, | |
| v. | TRIAL CONFIRMATION ORDER |
| SAMUEL GREGORY LIEBMAN, | |
| Defendant. | |

The trial in the above-captioned case, scheduled to commence on September 27, 2011, at 9:00 a.m., was confirmed at the hearing held on September 2, 2011.

## I. EVIDENTIARY DISPUTES

All evidentiary disputes capable of being resolved by in limine motions, shall be set forth in such motions no later than 4:30 p.m. on September 9, 2011.[1] Oppositions to the motions or statements of nonopposition shall be filed no later than 4:30 p.m. on September 14, 2011. Hearing on the motions will commence at 10:00 a.m. on September 16, 2011. Other reasonably anticipated disputes concerning the

---

[1] The parties are requested to meet and confer about such disputes before filing a motion to determine if agreement can be reached.

1

admissibility of evidence shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

## II. TRIAL PREPARATION

A. No later than five court days before trial, the following documents should be filed:

    (1) proposed jury instructions and a proposed verdict form;

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs; and

    (4) a joint statement or joint proposed jury instruction that can be read to the jury in advance of voir dire that explains the nature of the case.

B. The government's exhibits shall be numbered and eventually marked with stickers provided by the court. Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers provided by the court. The parties may obtain exhibit stickers by contacting the clerk's office at (916) 930-4000.

C. The parties estimate the trial will take five (5) court days to try the case, which includes closing arguments. Each side indicated twenty (20) minutes is sufficient for voir dire, which may be used after the judge completes judicial voir dire. The "struck jury" system will be used to select the jury.[2] One (1) alternate juror will be

---

[2] As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury." The selected group consists of the 12 required to hear the case, the number of alternate jurors, plus the number of jurors
(continued...)

empaneled. The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected. Each juror will be placed in his or her randomly-selected seat. The first 12 jurors on the list will constitute the petit jury unless one or more of those 12 is excused for some reason. Assuming that the first listed juror is excused, the thirteenth listed juror becomes one of the twelve jurors.

     D.   It was agreed at the confirmation hearing that each side has up to twenty (20) minutes to make an opening statement.

IT IS SO ORDERED.

Dated: September 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

²(...continued)
required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group. Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.